UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AARON HUGH DEATON,<br><br>                           Plaintiff<br><br>       v.<br><br>LAS VEGAS METRO POLICE DEPARTMENT,<br><br>                           Defendant | Case No.  2:21-cv-00044-APG-BNW<br><br>**ORDER** |

On January 11, 2021, Magistrate Judge Weksler ordered plaintiff Aaron Hugh Deaton to file a complaint and a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $402 by February 1, 2021. ECF No. 3 at 2.  The February 1, 2021 deadline has now expired, and Deaton has not filed a complaint or a fully complete application to proceed *in forma pauperis*, paid the full $402 filing fee, or otherwise responded to Judge Weksler's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal

for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss for these reasons, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Weksler's order expressly stated: "IT IS FURTHER ORDERED that failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed." ECF No. 3 at 2. Thus, Deaton had adequate warning that dismissal would result from his noncompliance with Judge Weksler's order.

I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff Aaron Hugh Deaton's failure to file a complaint and a complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with Judge Weksler's order.

I FURTHER ORDER the Clerk of Court to close the case and enter judgment accordingly.

DATED: February 10, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3